Darcy M. Goddard (Utah Bar 13426)
Jordan T. Greenburg (Utah Bar 18393)
**STRONG & HANNI, P.C.**
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
E-mail: dgoddard@strongandhanni.com
E-mail: jgreenburg@strongandhanni.com

*Attorneys for Garfield County Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION-SOUTHERN REGION

| | |
|---|---|
| HARSHAD DESAI, an individual,<br><br>    Plaintiff,<br>v.<br><br>GARFIELD COUNTY, a political subdivision of the State of Utah, SCOTT BURNS, in his official capacity, BARRY HUNTINGTON, in his official capacity, JERRY TAYLOR, in his official capacity, SAM MARSHALL, in his official capacity, and FALYN OWENS, in her official capacity,<br><br>    Defendants. | **GARFIELD COUNTY DEFENDANTS' CORRECTED[1] VERIFIED MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT**<br><br>Civil No.: 4:25-cv-00091-DN-PK<br><br>The Honorable David Nuffer<br>United States District Judge<br><br>The Honorable Paul Kohler<br>United States Magistrate Judge |

---

[1] This corrected version contains hyperlinks that were omitted from the Motion to Dismiss filed on January 5, 2026, docket no. 27, and it also corrects some errors in the Table of Authorities and a few citation errors. Due to the corrections, the word count also changed slightly, from 6,932 to 7,031.

**TABLE OF CONTENTS**

TABLE OF CONTENTS...........................................................................................................i

TABLE OF AUTHORITIES ...............................................................................................iii

CONCISE STATEMENT OF RELIEF SOUGHT................................................................ 1

AND SUMMARY OF ARGUMENT ................................................................................... 1

LEGAL STANDARD............................................................................................................ 4

STATEMENT OF RELEVANT FACTS .............................................................................. 5

Facts relevant to jurisdiction and *Younger* abstention:................................................. 5

    A.    Mr. Desai's criminal case in Utah Justice Court.......................................... 5

    B.    Mr. Desai's ongoing criminal case in Utah District Court ........................ 8

Mr. Desai's request for monetary and injunctive relief:................................................ 11

Additional facts relevant to all Garfield County Defendants: ...................................... 11

Additional facts relevant to Prosecution Defendants only:........................................... 12

    A.    Mr. Huntington ........................................................................................ 12

    B.    Deputy County Attorney Scott Burns......................................................... 13

Additional facts relevant to Witness Defendants only:................................................. 14

ARGUMENT ...................................................................................................................... 15

    1.    Under *Younger*, the Court should abstain from exercising jurisdiction given the ongoing proceedings in Mr. Desai's criminal prosecution, including his upcoming sentencing and stated intention to appeal his conviction to the Utah Supreme Court. ............... 15

    2.    Section 1983 does not create a substantive cause of action, such that Mr. Desai's "§ 1983 claim," must be dismissed (Third Cause of Action). .......................................................................... 19

    3.    The Court does not have jurisdiction to hear Mr. Desai's state law claim for abuse of process (Fifth Cause of Action). ......................................... 20

    4.    Mr. Desai fails to plead facts sufficient to find Garfield County liable for any claim or cause of action, and it should be dismissed (First, Second, and Fourth Causes of Action)......................................... 21

5.    Mr. Desai fails to plead facts sufficient to find Mr. Huntington, Mr. Burns, or any of the Witness Defendants liable for any claim or cause of action, and they should be dismissed (First, Second, and Fourth Causes of Action). ..................................................................... 22

    A.    Mr. Huntington ......................................................................... 23

    B.    Witness Defendants ................................................................... 24

    C.    Mr. Burns ................................................................................... 25

CONCLUSION ............................................................................................. 26

VERIFICATION ........................................................................................... 27

CERTIFICATE OF COMPLIANCE ............................................................. 27

CERTIFICATE OF SERVICE ...................................................................... 28

# TABLE OF AUTHORITIES

Page(s)

Cases

*Amanatullah v. Colo. Bd. of Med. Exam'rs,*
  187 F.3d 1160 (10th Cir. 1999) ................................................................... 16

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .................................................................................. 4

*Baker v. McCollan,*
  443 U.S. 137 (1979) ................................................................................. 19

*Baker v. USD 229 Blue Valley,*
  979 F.3d 866 (10th Cir. 2020) ..................................................................... 5

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ................................................................................... 4

*Board of County Commissioners v. Brown,*
  520 U.S. 397 (1997) ................................................................................. 22

*Bonds v. Walton Verona Indep. Bd. of Educ.,*
  2016 WL 11432140 (N.D. Ky. 2016) ........................................................... 24

*Butler v. Compton,*
  482 F.3d 1277 (10th Cir. 2007) ................................................................. 17

*Collins v. West,*
  2021 WL 4241317 (W.D. Wash. 2021) ...................................................... 24

*Colo. River Water Conservation Dist. v. U.S.,*
  424 U.S. 800, (1976) ................................................................................. 15

*Conley v. Gibson,*
  355 U.S. 41 (1957) ..................................................................................... 4

*D.L. v. Unified Sch. Dist. No. 497,*
  392 F.3d 1223 (10th Cir. 2004) ................................................................. 16

*Elna Sefcovic, LLC v. TEP Rocky Mountain LLC,*
  953 F.3d 660 (10th Cir. 2020) ................................................................... 15

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*
  544 U.S. 280 (2005) ................................................................................. 15

*GFF Corp. v. Associated Wholesale Grocers, Inc.,*
  130 F.3d 1381 (10th Cir. 1997) ................................................................... 4

*Graham v. Connor,*
  490 U.S. 386, (1989) ................................................................................. 19

*Hall v. Utah State Dep't of Corr.,*
  2001 UT 34 ............................................................................................... 20

*Johnson v. City of Cheyenne,*
  99 F.4th 1206 (10th Cit. 2024) .................................................................. 20

*Pead v. Ephraim City,*
  2022 UT App 113 ...................................................................................... 20

iii

*Peak Alarm Co., Inc. v. Shanna Werner*,
  2013 UT 8 ........................................................................................................ 20
*Perez v. Ledesma*,
  401 U.S. 82 (1971)............................................................................................ 17
*Phelps v. Hamilton*,
  122 F.3d 885 (10th Cir. 1997) ......................................................................... 18
*Robbins v. Oklahoma*,
  519 F.3d 1242 (10th Cir. 2008) ....................................................................... 22
*Seneca-Cayuga Tribe of Okla. v. State of Oklahoma ex rel. Thompson*,
  874 F.2d 709 (10th Cir. 1989) ......................................................................... 16
*Southern Disposal, Inc., v. Tex. Waste*,
  161 F.3d 1259 (10th Cir. 1998) ......................................................................... 4
*Taylor v. Jaquez*,
  126 F.3d 1294 (10th Cir. 1997) ....................................................................... 16
*Wheeler v. McPherson*,
  2002 UT 16 ...................................................................................................... 21
*Wilson v. Montano*,
  715 F.3d 847 (10th Cir. 2013) ......................................................................... 22
*Younger v. Harris,*
  401 U.S. 37 (1971) ……………………………………………………………….*passim*

Statutes

28 U.S.C. § 1746................................................................................................... 27
42 U.S.C. § 1983................................................................................................... 16
Utah Code § 63G-7-101 ........................................................................................ 20
Utah Code § 63G-7-401(2) .................................................................................... 20
Utah Code § 63G-7-201(4)(b) ............................................................................... 21
Utah Code § 76-9-201............................................................................................. 3
Utah Code § 76-12-202(2)(a)(ii)........................................................................... 13
Utah Code § 63G-7-101(2)(b) ............................................................................... 20
Utah Code §§ 63G-7-401(3) .................................................................................. 12

Rules

Fed. R. Civ. P. 12(b) .............................................................................................. 5
Fed. R. Civ. P. 12(b)(1)....................................................................................... 4, 5
Fed. R. Civ. P. 12(b)(6)........................................................................................... 4

Other Authorities

DUCivR 7-1(A)(4)(a) ........................................................................................ 1, 27

Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and DUCivR 7-1(A)(4)(a), Garfield County, a political subdivision of the State of Utah, and Garfield County officers or employees Scott Burns, Barry Huntington, Jerry Taylor, Sam Marshall, and Falyn Owens, all of whom are sued in their official capacities only (collectively, Garfield County Defendants), move this Court for an order dismissing Plaintiff Harshad Desai's (Mr. Desai or Plaintiff) Complaint[2] and all causes of action alleged therein.

## CONCISE STATEMENT OF RELIEF SOUGHT AND SUMMARY OF ARGUMENT

Mr. Desai is the defendant in an ongoing criminal case in the Utah State courts, *State v. Desai*, No. 241600056 (Panguitch Dist. Ct.) (Larsen, J.)—in which he recently pleaded no contest and will be sentenced in approximately two months, on or about February 19, 2026. That criminal case involves the same events and operative facts as those described in the Complaint. At the time he entered his plea, Mr. Desai advised the State District Court that he will appeal his conviction and sentence to the Utah Supreme Court once final judgment is entered.

In the criminal case, Mr. Desai has repeatedly raised the same First Amendment arguments asserted here—i.e., that the criminal prosecution violates his First Amendment right to free speech—including in a total of three motions to dismiss and a motion in limine seeking to restrict what evidence the State could introduce in support of its prosecution. These repeated efforts have all been rejected by the Utah state courts, first in the State Justice Court and later (and currently) in the State District Court.

---

[2] Complaint, docket no. 1, filed July 17, 2025 (Compl.)

1

In his Complaint, in addition to monetary damages, Mr. Desai seeks "injunctive relief to prevent local officials, including the Defendants, from unconstitutionally infringing upon Mr. Desai's First Amendment Rights."[3]   Even read generously, there is no reasonable interpretation of that requested relief <u>other than</u> as an invitation for this Court to second-guess the Utah State courts and hold that the State's on-going criminal prosecution (or probation oversight, once Mr. Desai is sentenced) is unconstitutional and should be stopped.  Under *Younger v. Harris*,[4] that would be inappropriate.  The Court should decline his invitation.

If the Court nonetheless were to determine to hear some or all of Mr. Desai's claims, he fails to allege specific, sufficient facts plausibly supporting liability as against any of the named defendants, including Garfield County.  Conclusory statements and hyperbole aside, Mr. Desai alleges only that County Attorney Barry Huntington (Mr. Huntington) and County officers or employees Jerry Taylor, Sam Marshall, and Falyn Owens (collectively, Witness Defendants) asked not to be contacted by Mr. Desai, and that the Witness Defendants testified for the State at Mr. Desai's State Justice Court jury trial.  Even considering those facts in the light most favorable to Mr. Desai, they are facially insufficient to allege a violation of the First Amendment. Mr. Desai also fails to allege that a policy or practice of Garfield County was the precipitating cause of <u>any</u> act or omission supposedly undertaken by <u>any</u> individual defendant—as is necessary to assert a claim or cause of action as against the County itself.

---

[3] <u>Id. at ¶ 66</u>.

[4] <u>401 U.S. 37</u> (1971).

2

Even as against Deputy County Attorney Scott Burns (Mr. Burns), in regard to whom Mr. Desai admittedly provides more fulsome and enlightening factual allegations, <u>other than</u> Mr. Burns providing an affidavit in support of the Information filed to initiate criminal proceedings in Justice Court—an act for which Mr. Burns would be absolutely immune—Mr. Desai alleges only that Mr. Burns (i) offered to be a point of contact for him at the County, which Mr. Desai ultimately found to be insufficient, and (ii) later served Mr. Desai with two notices to cease and desist from sending e-mail messages to specific individuals who had asked not to be contacted by Mr. Desai.  Of note, such notices are a statutory prerequisite to commencing a criminal case alleging violations of the Utah electronic communications harassment statute, <u>Utah Code § 76-9-201</u>, so that potential defendants are afforded adequate notice that their conduct is unwelcome prior to the State filing criminal charges.  Regardless, those allegations, as well, are insufficient to state a claim for violation of the First Amendment, whether as an alleged direct "infringement" (First Cause of Action), or as "retaliation" (Second Cause of Action), or as part of an alleged "conspiracy" (Fourth Cause of Action).

Mr. Desai's Third Cause of Action, for an alleged violation of "§ 1983," is facially deficient and must be dismissed.  Section 1983 does not convey any substantive right, and it is instead merely a vehicle for vindicating civil rights claims in federal court.

Finally, Mr. Desai  failed to comply with conditions precedent for asserting a state law claim for "abuse of process" against Utah government entities and officials, leaving the Court without jurisdiction to consider it (Fifth Cause of Action).

Accordingly, Mr. Desai's Complaint should be dismissed, both for lack of jurisdiction under Rule 12(b)(1) and for failure to state a claim on which relief can be granted under Rule 12(b)(6).

## LEGAL STANDARD

Under Rule 12(b)(6), a motion to dismiss should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5]  In considering a motion to dismiss, all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-movant.[6]  To that end, to survive a motion to dismiss, the complaint must allege enough facts, taken as true, to make his claim to relief "plausible on its face.'"[7]  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[9]

Generally, a Rule 12(b)(6) motion must be converted to a motion for summary judgment if "matters outside the pleading are presented to . . . the court" so that "all parties . . .  [are] given

---

[5] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

[6] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[9] *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original); *see also Southern Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998) (holding the court need not accept conclusory allegations without supporting factual averments).

reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[10]

Notwithstanding that general principle, if a plaintiff does not incorporate by reference or attach a

document to its complaint, but the document is referred to in the complaint and is central to the

plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be

considered on a motion to dismiss.[11]  "If the rule were otherwise, a plaintiff with a deficient

claim could survive a motion to dismiss simply by not attaching a dispositive document upon

which the plaintiff relied."[12]  Documents and information outside the complaint may also be

considered when determining whether to dismiss under Rule 12(b)(1) for lack of jurisdiction.[13]

**STATEMENT OF RELEVANT FACTS**[14]

**Facts relevant to jurisdiction and *Younger* abstention:**

**A.      Mr. Desai's criminal case in Utah Justice Court**

1.       As stated in the Complaint, on or about August 15, 2022, Mr. Desai was charged

with three misdemeanor counts of electronic communications harassment (ECH) in Utah State

court (Utah Justice Court Case).[15]

---

[10] Fed. R. Civ. P. 12(b).

[11] GFF Corp., 130 F.3d at 1384-85 (citing cases from numerous courts of appeal).

[12] *GFF Corp.*, 130 F.3d at 1385.

[13] *See, e.g., Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (a factual attack on subject matter jurisdiction allows a court to exercise its discretion to consider evidence beyond the complaint without converting the motion into one for summary judgment).

[14] Garfield County Defendants accept the allegations of Mr. Desai's Complaint for purposes of this motion to dismiss only, and they do not intend thereby to waive their objections to those allegations if the Court permits the case to proceed.

[15] Compl, docket no. 1, at ¶ 28.

2.      A true and correct copy of the publicly available court docket in the Utah Justice Court Case is attached hereto as Exhibit 1 (with relevant entries highlighted), docket no. 27-1.

3.      A true and correct copy of the Information in the Utah Justice Court Case is attached hereto as Exhibit 2, docket no. 27-2.

4.      Named individual defendants Barry Huntington and Scott Burns (collectively, Prosecution Defendants) represented the State of Utah as prosecutors in the case.[16]

5.      On or about January 31, 2023, Mr. Desai moved to dismiss the Utah Justice Court Case, arguing that the criminal case against him violated the First Amendment to the United States Constitution (First Amendment).[17]  A true and correct copy of Mr. Desai's motion to dismiss the Utah Justice Court Case is attached hereto as Exhibit 3 (First State Court MTD (without exhibits)), docket number 27-3.

6.      The Justice Court denied the motion to dismiss on or about February 2, 2023, stating:

> It is impossible at this point to either say that Mr. Desai can't send any messages at all or that he can send all the messages he wants because of the first amendment.  I need to see the evidence at trial to determine if the messages are legitimate free speech or if they are excessive enough to constitute a violation of the statute.

A true and correct copy of the Order denying Mr. Desai's First State Court MTD is attached hereto as Exhibit 4 (First State Order), docket no. 27-4.

---

[16] Ex. 1 hereto, docket no. 27-1, at 1.

[17] Ex. 1 hereto, docket no. 27-1, at 5.

7. Mr. Desai thereafter obtained new counsel, who appeared in the Utah Justice Court Case on or about December 11, 2023.[18]

8. On or about February 11, 2024, through his new counsel, Mr. Desai filed another motion to dismiss the Utah Justice Court Case, again arguing that the criminal prosecution against him violated the First Amendment.[19] A true and correct copy of Mr. Desai's second motion to dismiss the Utah Justice Court Case is attached hereto as Exhibit 5 (Second State Court MTD (without exhibits)), docket no. 27-5.

9. The State of Utah, through the Prosecution Defendants, opposed the Second State Court MTD.[20] A true and correct copy of the State's Opposition to the Second State Court MTD is attached hereto as Exhibit 6 (Justice Court Opposition (without exhibits)), docket no. 27-6.

10. On or about September 16, 2024, the State Justice Court heard oral arguments and then denied Mr. Desai's Second State Court MTD.[21]

11. Mr. Desai was tried and convicted by a jury on all three counts of ECH one week later, on or about September 20, 2024 (Justice Court Trial). He was sentenced to two days in jail, fined $1,000, and placed on probation for 24 months.[22]

---

[18] Ex. 1 hereto, docket no. 27-1, at 8.

[19] *See generally* Ex. 4 hereto, docket no. 27-4.

[20] Ex. 1 hereto, docket no. 27-1, at 13.

[21] Ex. 1 hereto, docket no. 27-1, at 13-15.

[22] Ex. 1 hereto, docket no. 27-1, at 14-15; *see also* Compl., docket no. 1, at ¶ 33. Curiously, this is where Mr. Desai's chronological recitation of events ends, omitting entirely his subsequent de novo appeal in November 2024 and the vigorous, ongoing criminal proceedings in the State District Court since then.

**B.     Mr. Desai's ongoing criminal case in Utah District Court**

12.     On November 7, 2024, Mr. Desai appealed his Justice Court conviction for a trial de novo in Utah State District Court (Utah District Court Case).[23]  A true and correct copy of Mr. Desai's Notice of Appeal is attached hereto as Exhibit 7, docket no. 27-7.

13.     A true and correct copy of the publicly available court docket in the Utah District Court Case is attached hereto as Exhibit 8 (with relevant entries highlighted), docket no. 27-8.

14.     In the Utah District Court Case, the State of Utah is represented by Mr. Burns.[24]

15.     On or about March 25, 2025, Mr. Desai filed a motion to dismiss the Utah District Court Case, arguing again that the criminal prosecution against him violated the First Amendment.[25]  A true and correct copy of Mr. Desai's motion to dismiss the Utah District Court Case is attached hereto as Exhibit 9 (State District Court MTD (without exhibits)), docket no. 27-9.

16.     The State of Utah, through Mr. Burns, opposed the State District Court MTD.[26]  A true and correct copy of the State's Opposition to the State District Court MTD is attached hereto as Exhibit 10 (State District Court Opposition (without exhibits)), docket no. 27-10.

17.     The State District Court heard oral argument on the State District Court MTD on August 7, 2025, after which it took the matter under advisement.[27]

---

[23] Ex. 1 hereto, docket no. 27-1, at 2.

[24] Ex. 8 hereto, docket no. 27-8, at 1, 12 (reflecting next court date, a sentencing hearing, is scheduled for February 19, 2026).

[25] *See generally* Ex. 9 hereto, docket no. 27-9.

[26] Ex. 8 hereto, docket no. 27-8, at 5; Ex. 10 hereto, docket no. 27-10, at 1.

[27] Ex. 8 hereto, docket no. 27-8, at 7.

18.    On September 19, 2025, State District Court entered an order denying Mr. Desai's State District Court MTD.[28]  A true and correct copy of State District Court's Order denying Mr. Desai's State District Court MTD is attached hereto as Exhibit 11, docket no. 27-11.

19.    On or about October 31, 2025, Mr. Desai raised his First Amendment arguments with the State District Court again in a motion in limine seeking to restrict what evidence of his speech could be submitted to the jury (Desai State MIL).[29]  A true and correct copy of Mr. Desai's State MIL is attached hereto as Exhibit 12, docket no. 27-12.

20.    The State of Utah, through Mr. Burns, opposed Mr. Desai's State MIL.[30]  A true and correct copy of the State's Opposition to Mr. Desai's State District Court MIL is attached hereto as Exhibit 13, docket no. 27-13.

21.    December 10, 2025, the State District Court entered a written order denying in part and granting in part Mr. Desai's State District Court MIL (December 10 Order).[31]  A true and correct copy of the State District Court's December 10 Order is attached hereto as Exhibit 14, docket no. 27-14.

22.    The State District Court's December 10 Order reiterated prior rulings that the criminal prosecution itself did not violate Mr. Desai's First Amendment rights and that the State District Court would not limit what evidence the State could present at trial, but it also stated[32]:

---

[28] Id.

[29] Ex. 8 hereto, docket no. 27-8, at 9.

[30] Id.

[31] Ex. 8 hereto, docket no. 27-8, at 12.

[32] Ex. 14 hereto, docket no. 27-14, at 8.

9

This court's previous Order acknowledged that the ECH statute "<u>could</u> be misapplied in an individual case in a manner that infringes on a defendant's constitutional rights," but that "the jury can be properly instructed so that the statute may be applied as written and that Mr. Desai's First Amendment rights are protected."  Recognizing that First Amendment protections are sometimes difficult to fully communicate in a jury instruction, the court adopts the following modified version of Mr. Desai's proposed instruction:

> You have heard evidence about the content of Mr. Desai 's communications. The First Amendment protects individuals from sharing ideas that others disapprove of or do not understand. Your decision should not be based on whether you agree with or understand the content or style of the messages or whether you find any value in those messages. Under the statute used by the State to charge Mr. Desai, the content of Mr. Desai's messages should only be considered for following purposes:
>
> (l) To determine if Mr. Desai's had the required "intent to intimidate, abuse, threaten, harass, frighten, or disrupt the electronic communications of another";
>
> (2) To determine if any specific communication "insults, taunts, or challenges the recipient of the communication or any person at the receiving location in a manner likely to provoke a violent or disorderly response";
>
> (3) To determine if any specific communication "threatens to inflict injury, physical harm, or damage to any person or the property of any person."

The court intends this instruction to safeguard Mr. Desai's constitutional rights while also acknowledging that the content is relevant in limited ways. Counsel may suggest slight modifications to the wording of this instruction in chambers should they feel that it is needed.

23.     Following the State District Court's December 10 Order, Mr. Desai entered a conditional guilty plea, expressly reserving his right to appeal to the Utah Supreme Court the State District Court's rulings on his First Amendment claims.[33]

24.     Mr. Desai is scheduled to be sentenced in the Utah District Court Case on February 19, 2026.[34]

**Mr. Desai's request for monetary and injunctive relief:**

25.     Mr. Desai requests in his Complaint to be awarded monetary damages, "including compensatory, punitive, and treble damages where appropriate," as well as injunctive relief "to prevent local officials, including the Defendants, from unconstitutionally infringing on Mr. Desai's First Amendment Rights."[35]

**Additional facts relevant to all Garfield County Defendants:**

26.     Mr. Desai alleges that each and all of the individual named defendants are officials or employees of Garfield County, a political subdivision of the State of Utah.[36]

27.     Garfield County is also a named defendant.[37]

28.     Each and all of the individual named defendants are sued in their official capacities only.[38]

---

[33] Ex. 1 hereto, docket no. 27-1, at 1, 12.

[34] Ex. 8 hereto, docket no. 27-8, at 12 (reflecting the next court date, a sentencing hearing, scheduled for February 19, 2026).

[35] Compl., docket no. 1, ¶ 66.

[36] Compl., docket no. 1, at ¶¶ 3-8.

[37] Compl., docket no. 1, at 1 (caption).

[38] *Id.*

29.     Utah State law requires that, prior to commencing civil action asserting state law claims against a governmental entity or employee or officer, including specifically for abuse of process and malicious prosecution, an individual must first submit a Notice of Claim to the governmental entity.  Utah Code §§ 63G-7-401(3), -201(4)(b).

30.     There is no allegation that Mr. Desai submitted a Notice of Claim to Garfield County prior to commencing this action, and Garfield County has been unable to locate one.

**Additional facts relevant to Prosecution Defendants only:**

**A.     Mr. Huntington**

31.     Other than Mr. Burns' alleged implication that Mr. Huntington did not wish to receive emails from Mr. Desai, and the fact that Mr. Huntington was one of two prosecutors involved in the Utah Justice Court Case,[39] there is no allegation that Barry Huntington was personally involved in <u>any</u> of the events of which Mr. Desai complains.[40]

32.     In the entire Complaint, there are only four mentions of Mr. Huntington by name: (i) the caption; (ii) the identification of parties; (iii) an alleged "intimation" by Mr. Burns that Mr. Huntington did not wish to receive e-mail messages from Mr. Desai[41]; and (iv) a conclusory allegation that "as alleged herein and will be proven at trial, the[sic] Scott Burns and Barry

---

[39] Although it appears Mr. Desai blames only Mr. Burns for initiating the State Justice Court Case, *see* Compl., docket no. 1, at ¶ 28 (alleging Mr. Burns "followed through with . . . threatened action and criminally charged Mr. Desai"), both Mr. Huntington and Mr. Burns are listed on the docket as prosecutors representing the State of Utah in that action, *see* Ex. 1 hereto, docket no. 27-1, at 1.

[40] Compl., docket no. 1, at ¶¶ 5, 22.

[41] Compl., docket no. 1, at ¶¶ 22.

Huntington worked in concert with Garfield County officials and the other named defendants to deny plaintiff his constitutional rights."[42]

## B.   Deputy County Attorney Scott Burns

33.   There is no allegation that Mr. Burns issued improper process other than, in Mr. Desai's view, Mr. Burns' allegedly wrongful commencement of Utah Justice Court Case charging Mr. Desai criminally with three counts of ECH.[43]

34.   The only other allegedly injurious acts by Mr. Burns, other than commencement of the criminal case itself, are: (i) offering to be Mr. Desai's point of contact for communications with Garfield County; (ii) an alleged "unwillingness to respond to many of Mr. Desai's concerns" to Mr. Desai's satisfaction; and (iii) sending two notices to Mr. Desai asking him to cease and desist contact with specific individuals, including individual named defendants Jerry Taylor, Sam Marshall, and Falyn Owens (collectively, Witness Defendants).[44]

35.   The state statute under which Mr. Desai was charged with ECH requires, as a prerequisite to liability, that the defendant be notified not to contact the specific individual(s) on whose behalf charges are later filed.  Utah Code § 76-12-202(2)(a)(ii).

36.   The "sworn statement" of which Mr. Desai complains in paragraph 29 of the Complaint appears to be the Information required to commence a criminal action, which was filed in the Utah Justice Court Case and is attached hereto as Exhibit 2.

---

[42] Compl., docket no. 1, at ¶ 54.

[43] Compl., docket no. 1, at ¶¶ 28-29.

[44] Compl., docket no. 1, at ¶¶ 21-22, 24, 25-26.

**Additional facts relevant to Witness Defendants only:**

37.     At the Justice Court Trial, Witness Defendants were compelled by subpoena and testified as witnesses on behalf of the State of Utah.[45]

38.     There is no allegation that the Witness Defendants, or any of them, testified untruthfully in the Justice Court Trial.

39.     Specific factual allegations against the Witness Defendants—who without exception are referred to collectively rather than as individuals who committed specific, individual acts—are limited to: (i) inclusion by name in the Information filed to initiate the Utah Justice Court Case; (ii) an allegation that "these three individuals are connected to Mr. Desai's ongoing frustration with the county, primarily due to property assessment of his hotel that create[] a significant financial burden which he believes has been applied selectively to him"; and (iii) "at trial, the three alleged victims testified that they did not care for the content of Mr. Desai's email communications, stating that the emails were perceived to be racist, rambling, and hard to understand."[46]

---

[45] Ex. 1 hereto at 12-13, 15; Compl., docket no. 1, at ¶ 34.

[46] Compl., docket no. 1, at ¶¶ 21-22, 24, 25-26.

14

## ARGUMENT

**1.      Under *Younger*, the Court should abstain from exercising jurisdiction given the ongoing proceedings in Mr. Desai's criminal prosecution, including his upcoming sentencing and stated intention to appeal his conviction to the Utah Supreme Court.**

"[M]any of Congress's statutory grants of subject matter jurisdiction operate to create concurrent jurisdiction between state and federal courts."[47]  This jurisdictional overlap ordinarily "is of no significance" as to the existence of federal court subject matter jurisdiction.[48]  Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them.[49]  Nevertheless, in exceptional circumstances, "[c]omity or abstention doctrines may . . . permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation."[50]

Although his Complaint fails to mention it, Mr. Desai's Utah District Court Case is ongoing.  Any ruling by this Court suggesting that the ongoing state criminal case violates Mr. Desai's First Amendment rights, or that it was "retaliatory," "conspiratorial," or an "abuse of process," would serve only to second guess and undermine Utah's state courts—which, after all, have addressed precisely these arguments from Mr. Desai at least four times already, and they will likely do so again in his telegraphed direct appeal to the Utah Supreme Court.  Such a ruling

---

[47] *Elna Sefcovic, LLC v. TEP Rocky Mountain LLC*, 953 F.3d 660, 667 (10th Cir. 2020).

[48] *Id*. (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 292 (2005), for the following proposition: "the Supreme Court 'has repeatedly held that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction" (further quotation omitted)).

[49] *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976).

[50] *Exxon Mobil*, 544 U.S. at 292; *Colo. River*, 424 U.S. at 813 ("Abstention from the exercise of federal jurisdiction is the exception, not the rule.").

by this Court would also directly interfere with the State's ongoing authority over Mr. Desai and the State's ability to enforce its own laws.

It is for these reasons that the *Younger* Doctrine <u>requires</u> that a federal court must abstain from exercising jurisdiction where: (i) there is an ongoing state criminal, civil, or administrative proceeding; (ii) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (ii) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulate state policies."[51]  *Younger* abstention is non-discretionary; it must be invoked once these three conditions are met, absent extraordinary circumstances.[52]  Indeed, once the above conditions are met, "*Younger* abstention dictates that federal courts not interfere."[53]  The principles underlying *Younger* abstention apply, in most circumstances, without regard to the relief requests.[54]  Thus, even claims for declaratory relief are subject to outright dismissal.[55]

In *Heck v. Humphrey* the Supreme Court confronted whether a federal litigant can "challenge the constitutionality of his conviction for damages under 42 U.S.C. § 1983."[56]  In particular, *Heck* confronted a section 1983 claim brought "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

---

[51] *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

[52] *Seneca-Cayuga Tribe of Okla. v. Oklahoma ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989).

[53] *Amanatullah v. Colo. Bd. of Med. Exam'rs,* 187 F.3d 1160, 1163 (10th Cir. 1999) (quotation omitted).

[54] *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

[55] *Id*.

[56] 512 U.S. 477, 478 (1994).

unlawfulness would render a conviction or sentence invalid."[57]  The underlying purpose of *Heck* is to prevent litigants from using a Section 1983 action, with its more lenient pleading rules, to challenge their criminal conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions.[58]  The court in *Heck* held that, to proceed under Section 1983, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[59]

Thus, when a litigant convicted of state crimes in state court seeks relief in a Section 1983 lawsuit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.[60]  If the relevant cause of action would necessarily imply the invalidity of a litigant's conviction or sentence, that claim "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[61]

Although *Younger* abstention is inapplicable "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown,"[62] that exception does not apply here.  When determining whether a state litigation was

---

[57] *Id*. at 486.

[58] *See Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007).

[59] *Heck*, 512 U.S. at 486-87.

[60] *Id*. at 487.

[61] *Id*.

[62] *Amantullah*, 187 F.3d at 1165 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

commenced in bad faith or was intended to harass, the court must consider three factors: (i) whether it was frivolous or undertaken with no reasonably objective hope of success; (ii) whether it was motivated by defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (iii) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.[63]

Although Mr. Desai argues the Utah Justice Court Case was commenced in bad faith and was retaliatory, Mr. Desai does not support those conclusory characterizations with actual facts. Moreover, as the Court can see from the documents submitted in both the Utah Justice Court and the Utah District Court,[64] Mr. Desai was given ample warning that specific officers and employees of Garfield County did not want to receive communications from him, due not the content of his communications but to their length and volume and abusive tone, and Mr. Desai was provided an alternate avenue for communication through Mr. Burns.  Mr. Desai declined those offers and continued to communicate directly with the identified individuals.  A jury found him guilty of three counts of electronic communications harassment as a result.

There is no reasonable argument that the Utah Justice Court Case, or its de novo appeal to the Utah District Court, was "frivolous or undertaken with no reasonably objective hope of success," nor is there a viable argument that it was an abuse of prosecutorial discretion.  Finally, even if there were arguments to that effect, they would be appropriately heard—and were heard and rejected—by the state courts.

---

[63] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

[64] *See, e.g.*, Ex, 10 hereto, at 1-4; *see also generally* Ex. 2 hereto.

18

Mr. Desai's First Amendment, abuse of process, "§ 1983," and conspiracy claims all rest on the premise that the Utah criminal proceedings were a violation of Mr. Desai's First Amendment rights.  Mr. Desai has extensively briefed and argued the issues raised here in the Utah state courts, multiple times, and he has indicated an intention to further appeal his most recent conviction and upcoming sentence to the Utah Supreme Court so that he can argue his points there, as well.  Accordingly, Mr. Desai's claims here are squarely barred by *Younger* and *Heck*, and the Complaint should be dismissed.

## 2.    Section 1983 does not create a substantive cause of action, such that Mr. Desai's "§ 1983 claim," must be dismissed (Third Cause of Action).

As a separate but independently sufficient basis for dismissal, Mr. Desai's Third Cause of Action—styled as a standalone "§1983 claim"—fails as a matter of law because it does not allege an independent constitutional violation.[65]  Instead, it appears simply to repackage the allegations underlying Plaintiff's First and Second Causes of Action, asserting, it appears, that those allegations also support a claim for "violation" of "§1983."  But, as the United States Supreme Court has "said many times, § 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[66]  Where, as here, a Section 1983 claim merely duplicates other constitutional claims without pleading a

---

[65] Compl., docket no. 1, ¶¶ 49-52.

[66] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)).

viable underlying violation, it fails to state a claim on which relief can be granted, and it is subject to dismissal.[67]

**3.      The Court does not have jurisdiction to hear Mr. Desai's state law claim for abuse of process (Fifth Cause of Action).**

The Governmental Immunity Act of Utah, Utah Code § 63G-7-101, et. seq. (Immunity Act) governs all claims against governmental entities or their employees arising out of "the performance of the employee's duties, within their scope of employment, or under color of authority."[68]  Before filing a complaint seeking damages from any governmental entity or its employees, a plaintiff must first serve the governmental entity with a Notice of Claim.  "Any person having a claim against a governmental entity, or against the governmental entity's employee for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority shall file a written notice of claim with the entity before maintaining an action, regardless of whether or not the function giving rise to the claim is characterized as governmental."[69]  Utah Courts have uniformly held that suits brought against the state or its subdivisions or employees may not be brought unless the requirements of the Immunity Act are strictly followed.[70]  As the Utah Supreme Court explained,

---

[67] *See Johnson v. City of Cheyenne*, 99 F. 4th 1206, 1233 (10th Cir. 2024) (affirming district court's dismissal of a § 1983 claim where no underlying constitutional violation occurred).

[68] Utah Code § 63G-7-101(2)(b).

[69] *See* Utah Code § 63G-7-401(2) (emphases added); *see also Peak Alarm Co., Inc. v. Shanna Werner*, 2013 UT 8, ¶ 16.

[70] *See Pead v. Ephraim City*, 2022 UT App 113, ¶ 13 (citing *Hall v. Utah State Dep't of Corr.*, 2001 UT 34, ¶ 23).

"Applying this rule of strict compliance, [Utah Courts] have repeatedly denied recourse to parties that have even slightly diverged from the exactness required by the Immunity Act."[71]

Here, there is no allegation that Mr. Desai submitted a Notice of Claim to Garfield County addressing abuse of process, or, perhaps more appropriately, malicious prosecution[72]— both state law claims that are explicitly addressed in the Immunity Act and for which immunity, both for governmental entities and their officers and employees, is expressly retained.[73] Accordingly, even if the Court were to decide not to abstain under *Younger* and dismiss the case entirely, Mr. Desai's failure to submit a Notice of Claim bars the Court from considering that state law claim. The Fifth Cause of Action should be dismissed.

4. **Mr. Desai fails to plead facts sufficient to find Garfield County liable for any claim or cause of action, and it should be dismissed (First, Second, and Fourth Causes of Action).**

Mr. Desai's First Amendment claims against Garfield County fail because he has not alleged facts to support that any specific officer or agent of the county was executing or implementing a county policy or custom when engaging in the purportedly unconstitutional conduct of which Mr. Desai complains.

---

[71] *Wheeler v. McPherson*, 2002 UT 16, ¶ 12.

[72] Ordinarily, complaints about allegedly improper criminal cases are styled as "malicious prosecution," while complaints about allegedly improper civil cases or actions within civil cases are styled "abuse of process."

[73] Utah Code § 63G-7-201(4)(b) (retaining immunity for "assault, battery, false imprisonment, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, or violation of civil rights").

21

"[W]e have required a plaintiff seeking to impose liability on a municipality under [Section] 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."[74] A plaintiff bringing a Section 1983 suit "must also demonstrate that, through its <u>deliberate</u> conduct, the municipality was the 'moving force' behind the injury alleged."  The plaintiff must show that the government's action "was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."[75]

Mr. Desai's allegations fail that requirement.  He has not identified <u>any</u> specific policy or custom of the County, and he has provided no facts to show (or that even theoretically could show) either "deliberate conduct" by the County or that the County was the "moving force" behind any of the alleged wrongdoing.  Accordingly, Garfield County should be dismissed from this action.

5.      **Mr. Desai fails to plead facts sufficient to find Mr. Huntington, Mr. Burns, or any of the Witness Defendants liable for any claim or cause of action, and they should be dismissed (First, Second, and Fourth Causes of Action).**

In the context of a civil rights action against multiple individual governmental actors, "it is particularly important . . . that the complaint make clear exactly <u>who</u> is alleged to have done <u>what to whom</u>, to provide each individual with fair notice as to the basis of the claims against him or her."[76]

---

[74] *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997).

[75] *Id.* at 404.

[76] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013) (emphases in original) (citing *Robbins v. Okla.*, 519 F.3d 1242, 1250*Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

### A.     Mr. Huntington

Mr. Desai has alleged only that Mr. Huntington is the elected County Attorney for Garfield County[77] who allegedly committed, at most, one specific unconstitutional act—i.e., initiation of criminal charges against Mr. Desai—for which Mr. Huntington would be absolutely immune.  Then Mr. Desai has simply lumped Mr. Huntington in with the other individual named defendants in one more conclusory allegation devoid of any facts to indicate a constitutional violation personally committed by Mr. Huntington.  It is not enough to allege, as does Mr. Desai here: "as alleged herein, and will be proven at trial, [] Scott Burns and Barry Huntington worked in concert with Garfield County officials and other named Defendants to deny Plaintiff his constitutional rights."[78]  That is especially so given that Mr. Huntington is not named in any of the five following paragraphs that supposedly comprise Mr. Desai's "conspiracy" claim (Fourth Cause of Action).  Such conclusory allegations are insufficient as a matter of law to establish liability on behalf of Mr. Huntington, and he should be dismissed [79]

---

[77] Compl., docket no. 1, at ¶ 5.

[78] Compl., docket no. 1, at ¶ 54.  (This is the third of three paragraphs even naming Mr. Huntington.)

[79] *See*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. 544, 555-57 (2007); *cf. also Wilson*, 715 F.3d at 854 ("Individual liability under [section 1983] must be based on personal involvement in the alleged constitutional violation." (emphasis added)).

### B.   Witness Defendants

Mr. Desai's factual allegations against the Witness Defendants—who without exception are referred to collectively rather than as individuals who committed specific, individual acts—are limited to: (i) inclusion by name in the Information filed to initiate the Utah Justice Court Case; (ii) an allegation that "these three individuals are connected to Mr. Desai's ongoing frustration with the county, primarily due to property assessment of his hotel that create[] a significant financial burden which he believes has been applied selectively to him"; and (iii) "at trial, the three alleged victims testified that they did not care for the content of Mr. Desai's email communications, stating that the emails were perceived to be racist, rambling, and hard to understand."[80]  These allegations, taken individually or together, are insufficient to state a claim for violation of Mr. Desai's First Amendment rights.

Mr. Desai has cited no case law to support his first implied argument that the Constitution requires specific government officials not only to receive all citizen messages, in whatever quantity and quality each citizen unilaterally decides, but that specific government officials should also be required to read and respond to all such messages.  To the contrary, courts have held that government officials do not violate the First Amendment by managing or centralizing citizen communications, including by directing a frequent correspondent to route emails through a designated inbox or official.[81]

---

[80] Compl., docket no. 1, at ¶¶ 21-22, 24, 25-26.

[81] *E.g.*, *Bonds v. Walton Verona Indep. Bd. of Educ.*, 2016 WL 11432140, *5 (N.D. Ky. 2016) (unpublished); *Collins v. West*, 2021 WL 4241317, *5 (W.D. Wash. 2021) (unpublished).

Similarly, Mr. Desai has provided no support for his second implied claim that government officials testifying truthfully at a criminal trial may later be found civilly liable to a defendant who was thereafter convicted.  Nor has Mr. Desai provided any support for this closely related third implied claim that government officials are not allowed to report to law enforcement citizen conduct that a specific official finds harassing.

Absent case law holding that a government official who reports harassing conduct to law enforcement, and who thereafter testifies truthfully at trial, can reasonably be argued to have violated the First Amendment, Mr. Desai's allegations are insufficient as a matter of law to state a claim on which relief could be granted.  Witness Defendants should be dismissed from the case pursuant to Rule 12(b)(6).

### C.    Mr. Burns

Even as to Mr. Burns, in regard to whom Mr. Desai admittedly provides several and more detailed factual allegations, other than commencement and prosecution of the criminal proceedings Utah State court—an act for which Mr. Burns would ordinarily be absolutely immune—Mr. Desai alleges only that Mr. Burns: (i) offered to be a point of contact for him at the County, which Mr. Desai ultimately found to be insufficient; and (ii) later served Mr. Desai with two notices to cease and desist from sending e-mail messages to specific individuals who had asked not to be contacted  by Mr. Desai.  Importantly, however, such notices are a statutory prerequisite to commencing a criminal case alleging violations of the Utah electronic communications harassment statute, Utah Code § 76-12-202, so that potential defendants are afforded adequate notice that their conduct is unwelcome prior to the State filing criminal charges.  And, even if they were not, Mr. Desai has provided no case law to indicate that either of

25

these alleged acts by Mr. Burns are sufficient to violate the First Amendment.  He relies instead, as he did for Mr. Huntington and for the Witness Defendants, on conclusory statements of alleged "conspiracies" and "abuses," which are not supported by actual facts.  As with the other individual named defendants, Mr. Burns is entitled to dismissal from the case because Mr. Desai's Complaint, even as pleaded, does not allege facts sufficient to state a claim against him on which relief could be granted.

## CONCLUSION

For the reasons set forth above, Mr. Desai's Complaint should be dismissed in its entirety under Rule 12(b)(1) and the *Younger* Doctrine, given the Complaint's inherent overlap with ongoing state criminal proceedings in which Mr. Desai as a defendant.  Even if the Court were to disagree and consider the Complaint on its merits, however, Mr. Desai's "§ 1983 claim" (Third Cause of Action) is facially deficient and must be dismissed, and Mr. Desai's state law claim for abuse of process (Fifth Cause of Action) is jurisdictionally barred under Utah state law.  Moreover, Mr. Desai has failed to allege facts sufficient to name Garfield County as a defendant, and his factual allegations against the individual named defendants are largely conclusory and the few that are not conclusory do not rise to the level of a constitutional violation.  Mr. Desai's complaint should be dismissed.

Respectfully submitted this 19th day of January 2026.

**STRONG & HANNI, P.C.**

*/s/ Darcy M. Goddard*

Darcy M. Goddard
Jordan T. Greenburg
*Attorneys for Garfield County Defendants*

26

## VERIFICATION

Pursuant to 28 U.S.C. section 1746, Darcy M. Goddard declares under the penalty of perjury under the laws of the United States of America that the factual representations contained herein are true and correct to the best of her knowledge and belief.

Executed this 19th day of January 2026.

*/s/ Darcy M. Goddard*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Garfield County Defendants' Verified Motion to Dismiss and Memorandum in Support complies with the length requirements of DUCivR 7-1(a)(4)(A)(i) in that it contains fewer than 7,750 words (total: 7,031), inclusive of footnotes but exclusive of the caption, table of contents, signature block, certificate of service, certification, and exhibits.

By:    /s/ Darcy M. Goddard

**CERTIFICATE OF SERVICE**

I certify that on the 20th day of January 2025, I caused a true and correct copy of the

foregoing Garfield County Defendants' <u>Corrected</u> Verified Motion to Dismiss Complaint and

Memorandum in Support to be served on the following via the Court's CM/ECF e-filing service:

Nathan R. Garcia
Aaron C. Garrett
**HALL & EVANS, LLC**
175 South Main Street, Suite 500
Salt Lake City, Utah 84111
E-mail: garcianr@hallevans.com
E-mail: garretta@hallevans.com

*Attorneys for Plaintiff Harshad Desai*


*/s/ Darcy M. Goddard*
_____